IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

MARTHA SCOTT, INDIVIDUALLY, AND §
AS REPRESENTATIVE OF THE ESTATE §
OF DAVID SCOTT; ESTATE OF DAVID §
SCOTT; ROBIN DENISE BRYANT, AS §
NEXT FRIED OF IAN CHASE SCOTT, §
A MINOR, AND ALYESSA LYNN §
SCOTT, A MINOR, §
§
　　Plaintiffs, §
§
v. § CIVIL ACTION NO. H-06-1436
§
CYPRESS CREEK EMERGENCY MEDICAL §
SERVICES; HARRIS COUNTY, TEXAS; §
HARRIS COUNTY DEPUTY CONSTABLE §
JESUS ELIAS, INDIVID., AND IN §
AN OFFICIAL CAPACITY; BROOK §
RAMSEY, INDIVID., AND IN AN §
OFFICIAL CAPACITY; DEPUTY RAUL §
VENEGAS, INDIVID., AND IN AN §
OFFICIAL CAPACITY; HARRIS §
COUNTY EMERGENCY SERVICES §
DISTRICT NUMBER 11; AND JOHN §
DOES, INDIVID., AND IN AN §
OFFICIAL CAPACITY, §
§
　　Defendants. §

**MEMORANDUM OPINION AND ORDER**

　　Defendant Raul Venegas has filed an objection to the
Magistrate Judge's Memorandum, Recommendation, and Order (Docket
Entry No. 71).  For the reasons explained below Venegas' objection
will be denied.

　　Venegas asserts that

　　[t]he plaintiffs served Deputy Venegas 140 days after the
　　court granted the plaintiffs' motion to delay the initial
　　conference, and 210 days (almost seven months) after the
　　undisputed statute of limitations ran.  The court
　　dismissed the plaintiffs' state claims based upon

slackness of service, but kept the federal claims under
Fed. R. Civ. P. 4(m).   Does the Texas due diligence
requirement apply to service of the federal claims?[1]

Venegas also argues that "[t]he plaintiffs did not comply with the
120-day service deadline under Fed. R. Civ. P. 4(m) even if their
motion to delay the initial conference could somehow be construed
as a valid request for extension of time to effect service. . . .
They served Deputy Venegas 140 days after the motion was granted."[2]

## I. <u>Texas Due Diligence Requirement</u>

Texas law requires a plaintiff not only to file suit but also
to use due diligence in procuring service on the defendant in order
to toll the statute of limitations.   Lack of due diligence may be
found as a matter of law if the plaintiff offers no excuse for his
failure to procure service, or if plaintiff's excuse conclusively
negates diligence.   <u>Saenz v. Keller Indus. of Tex., Inc.</u>, 951 F.2d
665, 667 (5th Cir. 1992).   This rule is applied to claims based on
state law filed in federal courts in Texas.   <u>See</u> <u>Walker v. Armco</u>
<u>Steel Corp.</u>, 100 S.Ct. 1978 (1980).   However, as explained by the
Magistrate Judge, the Texas due diligence rule does not apply to
claims asserted pursuant to 42 U.S.C. § 1983 filed in federal
court.   <u>See</u> <u>Gonzales v. Wyatt</u>, 157 F.3d 1016, 1021 n.1 (5th Cir.

---

[1]Defendant Raul Venegas' Memorandum in Support of His
Objection to the Magistrate's Memorandum, Recommendation, and Order
(Individual Capacity Only), Docket Entry No. 71, p. 2.

[2]<u>Id.</u> at p. 6.

1998) ("We have held that this Texas rule [regarding due diligence] does not apply to section 1983 actions in Texas federal court."). See also Jackson v. Duke, 259 F.2d 3, 6 (5th Cir. 1958) ("In an action under the civil rights statute, while state law controls as to the time within which an action must be begun, the manner in which it is commenced and when it is deemed to have begun, being procedural and not substantive, is covered by the Federal Rules of Civil Procedure").  Venegas cites the court's unpublished opinion in Lopez v. Unknown Galveston Police Officer #1, 2006 WL 3702895 (S.D. Tex. December 13, 2006), in support of his argument that "due diligence is required to effect service under Texas law or the action is not 'commenced' under Rule 4(m)."[3]  Plaintiff's reliance on Lopez is misplaced because it is inapposite.

The plaintiff in Lopez filed a petition in state court asserting claims against four unidentified Galveston police officers, the Galveston police chief, and the City of Galveston for violation of rights guaranteed by the United States Constitution and violation of rights secured by state law.  The claims dismissed as untimely in the Memorandum Order and Opinion cited by Venegas arose from events that occurred on November 23, 2003.  Although plaintiff's attorney mailed his petition to the district clerk on November 23, 2005, the petition was not received and filed by the district clerk until November 30, 2005.  The governmental

---

[3] Id. at pp. 5-6.

-3-

defendants were served in May of 2006, but the individual
defendants were never served.  In June of 2006 the governmental
defendants removed the action from state to federal court, and
moved to dismiss all of plaintiff's claims as time-barred.  The
defendants argued that plaintiff's claims were time-barred because
the plaintiff's petition was filed on November 30, 2005, seven days
after the applicable two-year Statute of Limitations expired on
November 23, 2005, and because the plaintiff had not exercised due
diligence in serving them with process.  See Tex. Civ. Prac. & Rem.
Code § 16.003 (claims must be brought "no later than two years
after the day the cause of action accrues").

     In response to defendant's motion to dismiss, plaintiff argued
that his claims were not time-barred because his petition was
timely filed pursuant to the mailbox rule embodied in Texas Rule of
Civil Procedure 5, and because he had used due diligence in serving
the petition on the defendants or, alternatively, because good
cause existed for any undue delay.  Since it is well established
that federal district courts look "to state law to ascertain
whether service was properly made prior to removal," Freight
Terminals, Inc. v. Ryder System, Inc., 461 F.2d 1046, 1052 (5th
Cir. 1972),[4] and since neither party argued that resolution of the

_____

     [4]See also Vaughn v. Frame, 210 F.3d 366 (5th Cir. 2000)
(Table) (applying Freight Terminals, 461 F.2d at 1052, to civil
rights claim made pursuant to 42 U.S.C. § 1983, and observing that
"[o]bjections regarding service of process which arise prior to
                                             (continued...)

limitations issue turned on whether the court should apply the federal or state definition of when a lawsuit is "commenced," the court resolved the limitations issue by applying state law to the facts.

The court then concluded that the plaintiff's state law claims and his federal law claim for excessive use of force asserted under 42 U.S.C. § 1983 were time barred because plaintiff had not exercised due diligence in serving the governmental defendants and that absent due diligence, the filing of his petition on November 30, 2005, could not relate back to November 23, 2005, the date on which his attorney mailed it to the district clerk's office, and the last day on which the petition could have been timely filed.  See Price v. City of San Antonio, Texas, 431 F.3d 890, 893 (5th Cir. 2006) (recognizing that the applicable Texas Statute of Limitations, Tex. Civ. Prac. & Rem. Code § 16.003, requires a claim to be brought no later than the same calendar day two years following the accrual of a cause of action).  Because the plaintiff never served the individual defendants, and did not seek leave to do so following removal, the court dismissed the claims asserted against them pursuant to Federal Rule of Civil Procedure

---

[4](...continued)
removal may be raised in federal court and are not waived by removal").

4(m).  See Freight Terminals, 461 F.2d at 1052 (citing 28 U.S.C. § 1448).[5]

Since the untimely state court petition at issue in Lopez differs from the original federal court complaint that was timely filed in this action, the court is not persuaded that Lopez supports Venegas' argument that the Texas due diligence requirement bars the federal § 1983 claims asserted in this action.   See Gonzales, 157 F.3d at 1021 n. 1.


## II. Rule 4(m)

Fed.R.Civ.P. 4(m) provides:

> If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period. This subdivision does not apply to service in a foreign country pursuant to subdivision (f) or (j)(1).

---

[5] 28 U.S.C. § 1448 provides

> In all cases removed from any State court to any district court of the United States in which any one or more of the defendants has not been served with process or in which the service has not been perfected prior to removal, or in which process served proves to be defective, such process or service may be completed or new process issued in the same manner as in cases originally in such district court.

When service of process is challenged the serving party bears the burden of proving its validity or good cause for failure to effect timely service.  <u>Winters v. Teledyne Movible Offshore, Inc.</u>, 776 F.2d 1304, 1305 (5th Cir. 1985).  The court must extend the time for service upon a showing of good cause.  <u>Thompson v. Brown</u>, 91 F.3d 20, 21 (5th Cir. 1996).  "Good cause" normally requires some evidence of "good faith on the part of the party seeking an enlargement of time and some reasonable basis for non-compliance within the time specified."  <u>Lambert v. United States</u>, 44 F.3d 296, 299 (5th Cir. 1995) (citing <u>Winters</u>, 776 F.2d at 1306).  Inadvertence, mistake of counsel, and ignorance of the rules usually do not suffice.  <u>Id.</u>  Even if good cause does not exist, the court has discretion to extend the time to serve a defendant upon a showing that such relief is justified.  <u>Thompson</u>, 91 F.3d at 21.

As explained in <u>Thompson</u>, 91 F.3d at 21, a district court enjoys discretion under Rule 4(m) to extend the time for service even when a plaintiff fails to show good cause.  "If good cause is present, the district court *must* extend time for service. If good cause does not exist, the court *may,* in its discretion, decide whether to dismiss the case without prejudice or extend time for service."  <u>Id.</u>  Since it is within the court's discretion whether to dismiss pursuant to Rule 4(m), the court declines to do so.  The docket reflects that Venegas was served on December 13, 2006, and

-7-

the return of service as to Venegas was filed on December 21, 2006 (Docket Entry No. 33). Venegas' motion to dismiss does not seek dismissal under Rule 4(m), and Venegas has not argued that the late service has imposed upon him any prejudice or undue hardship. Therefore, in the exercise of its discretion, the court extends the time for service of process to December 21, 2006, the date that the return of service as to Venegas was filed with the court.

### III. Conclusions and Order

For the reasons explained above, the court in the exercise of its discretion, hereby extends the period for effecting service of summons upon defendant Raul Venegas to December 21, 2006. Venegas' objection to the Magistrate Judge's Memorandum, Recommendation, and Order (Docket Entry No. 71) is **DENIED**. The Memorandum, Recommendation, and Order is **ADOPTED** by the court.

**SIGNED** at Houston, Texas, this 27th day of July, 2007.

SIM LAKE
UNITED STATES DISTRICT JUDGE

-8-